California Department of
Corrections
California State Prison-
Sacramento
LAZARUS ORTEGA, #F-23334
P.O. BOX 290066
Represa, California
95671-0066

In Pro-Per

**FILED**

MAR. 1 7 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARUS ORTEGA,

      Plaintiff,

vs.

M. REYES, Associate,
Warden, "B" Facility, et al.,

      Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: **2 0 8 - CV - 0 5 8 8 LEW EFB PC**

**PLAINTIFF'S COMPLAINT FOR
DAMAGES UNDER [42 U.S.C. §§
1983 AND 1985(c)] AND REQUEST
FOR JURY TRIAL**

**INTRODUCTION**

1. This is a Civil Action Complaint for damages arising
under the constitution of the United States. Particularly the
First, Eighth, and Fourteenth Amendments to the Constitution of
the United States. 42 U.S.C. §§ 1983 and 1985(c). Alleging the
violation of plaintiff's constitutional. civil and human rights
while in the custody of the Department of Corrections and
Rehabilitation, hereinafter (CDCR) at California State Prison-
Sacramento, hereinafter (CSP-Sacramento). This Federal Civil
Rights Action alleging a failure to protect plaintiff Ortega,
from another mentally ill inmate. Plaintiff Lazarus Ortega,
alleges that defendants: Reyes, Williamson, Deason, Hutchings,
Costa and Does One through Ten, violated plaintiff's Eight

1.

1 Amendment Rights by failing to keep plaintiff free from physical
2 abuse, at California State Prison-Enhanced Outpatient Program,
3 hereinafter (EOP). Plaintiff also, alleges that defentants has
4 exposed plaintiff to the threat of assault by his mentally ill
5 Cellmate. As direct result of defendants indifference to the
6 level of violence and the cercion of inmates to force them to
7 accept a cellmates, who are clearly mentally ill plaintiff has
8 suffered serious injuries. Plaintiff alleges that the above
9 referenced defendants willfully and unlawfully conspired with
10 other Inmate Task Force, hereinafter (ITF) to have plaintiff
11 assaulted and/or murder. Plaintiff further alleges that the
12 defendants provided him with inadequate mental health care, at
13 CSP-Sacramento-(EOP).

14 **JURISDICTION**

15 2. The jurisdiction of this Court is invoked pursuant to 28
16 U.S.C. §§ 1343(c), which gives this Court jurisdiction over
17 matters concerning the deprivation of constitutional and civil
18 rights guaranteed by U.S.C. 1983 and 1985(c), including 28 U.S.C.
19 § 794.

20 **PARTIES**

21 3. Plaintiff Lazarus Ortega, is a Inmate at the California
22 State Prison-Sacramento-(EOP), who suffering from a serious
23 mental disorder presently being detained by and in the custody
24 of the (CDCR), P.O. BOX 290066, Represa, California 95671-0066.

25 4. Defendants: M. Reyes, is the Associate Warden at "B"
26 Facility, at CSP-Sacramento, Williamsom, is now a Correctional
27 Lieutenant, at CSP-Sacramento-(EOP), Deason, is a Correctional
28 Officer, at CSP-Sacramento, Hutchings, is a Correctional Officer,

2.

at CSP-Sacramento. Costa, is a Staff Psychologist, at CSP-Sacramento, and Does One through Ten. Each defendant is sued in his or her official and individual capacity and they are in some manner responsible for the acts or omission alleged.

5. At all times mentioned herein each, and all, defendant(s) were acting under the color of State Law.

### STATEMENT OF FACTS

6. Plaintiff who have been diagnosed and placed in the prison system (EOP) Mental Health care program have a constitutionally protected right to; be free from the threat of being placed in ASU or SHU isolation cell for being assaulted by another mentally ill inmate at CSP-Sacramento-(EOP).

7. Upon information and belief, plaintiff discovered that defendants had willing and unlawfully endangered his life by placing into a cell with inmate Williams, who was known to work hand to hand with some corrupted Correctional Staff, at CSP-Sacramento, in order to cause unrest.

8. Plaintiff has the right, secured by the Eighth and Fourteenth Amendments to the Federal Constitution, to be reasonably protected from the constant threat of violence and assault by his mentally ill cellmate Williams. And plaintiff need not wait until he was actually assaulted to obtain relief ~~relief~~ from defendants.

9. On or about Noverment 8, 2006, at 1200 hours. Plaintiff was released from his assigned cell, for his weekly interview with his CaseManger Dr. Costa, PH.D.

10. At this time, plaintiff approach defendant Deason, and plaintiff asked him, could he be re-housed because of safety

3.

1   concerns and problems with his cellmate inmate Williams.
2   Defendant Deason that , he didn't do cell moves on his friday's;
3   to go check with defendant Hutchings.

4       11. To see if plaintiff could get a cell move because of
5   problems and safety concerns with his cellmate Williams.
6   Defendant Hutchings, informed plaintiff that there was no vacant
7   cells and it wasn't possible.

8       12. At this time, plaintiff suggested the open cell in B8-232,
9   defendant Hutchings stated that it's out of order. Plaintiff
10  suggested to move in the cell out of order cell until it's could
11  be fixed(there was a plumbing problem in said cell).

12      13.Defendant Hutchings stated that it's not going to happen
13  and plaintiff just going to have to wait until there's an open
14  cell available.

15      14. After, this conversation with defendant Hutchings,
16  plaintiff went to his weekly interview with defendant Costa, who
17  was plaintiff's assigned CaseManger within the (EOP).

18      15. Plaintiff explain to defendant Costa that, he really
19  feel that his celly was a "Green Wall" co-conspiractor and that
20  plaintiff didn't feel safe in the cell with inmate Williams any
21  longer.

22      16. Plaintiff further explained to defendant Costa, that he
23  felt his cellmate was plotting to kill or hurt plaintiff.
24  At this time, defendant Costa said that plaintiff might be
25  exagerating alittle bit and that, he didn't think anybody was
26  plotting against plaintiff

27

28                                  4.

17. Plaintiff continued to stress the point. Defendant Costa, then stated that could do nothing about it and that it was a custody issue.

18. At this time defendant Costa, further stated that he really couldn't do anything. Then defendant Costa, cut the meeting short and left.

19. On November 9, 2007, at 0800 hours at yard plaintiff approacg defendant Hutchings and asked him again for a cell move because plaintiff really didn't feel safe in the cell.

20. Defendant Hutchings, refused to take plaintiff's safety concerns seriously which resulted in plaintiff being injuryed.

21. Plaintiff told defendant Hutchings that, if he was not going to move plaintiff to another cell because of his safety concerns. Plaintiff had a medical chrono for low bunk/low tier, housing defendant·Hutchings asked plaintiff where did he get it the chrono(Meaning what prison).

22. Plaintiff then went to the next defendant Williamson and explained to him about plaintiff's problems with his cellmate, plaintiff told defendant Williams that he didn't feel safe in the cell with him.

23. Plaintiff explainted to defendant Williamson that, he had a lower bunk/low tier chrono, and either way plaintiff needed to be moved out of his cell.

24. Defendant Williamson asked if plaintiff got his chrono at California State Prison.

5.

25. At this time, plaintiff replied, no. Defendant Williamson, then said that the chrono was no good, but he said that he would try to move plaintiff to adifferent housing block, unit 7.

26. Defendant Williamson said that other then then that plaintiff would have to wait and there was nothing further he could do.

27. When plaintiff returned to his cell from yard plaintiff was sitting, on the toilet with his head down and the last thing plaintiff heard was "Green Wall Bitch"; and then plaintiff passed out and woke up in U.C. Davis medical emergency unit, and a Correctional Officer said plaintiff was assaulted by his cellmate.

28. As a direct result of this assault plaintiff received serious injuries to the head, neck & Ribs. and plaintiff still have breathing problems.

29. Upon plaintiff's arrival back from U.C. Davis, to CSP-Sacramento. Plaintiff was placed into Administrative Segregation Unit(ASU), based on plaintiff being a victim of a well mentally ill inmate.

30. Upon information and belief, Green Wall Members and Inmate Task Force(ITF), has a long history for causing unrest within CDCR, including CSP-Sacramento.

31. defendants Reyes, Williamson, Deason, Hutchings, Costa, and Does One through Ten, willfully and unlawfully placed plaintiff in imminent danger of serious physical injury .

6.

32. Upon information and belief, defendants Reyes, and Williamson, including Does One through Ten, were supervisory CDCR personnel who failed to proper supervision over Correctional Officers, which resulted in plaintiff being seriously injuryed.

33. As direct and proximate result of defendants failure to protect plaintiff from a well known mentally ill inmate, plaintiff continues to suffer permanent and psychological injury for fear of harm, including lasting injuries. Also aggravation of his serious mental disorders.

34. Plaintiff Lazarus Ortega has been permanently injuryed by defendants, administering summary cruel and unusal punishment on the person of plaintiff.

35. Plaintiff has filed Inmate Appeal concerning this incident in plaintiff's claims were heard at each level, including the director's level appeal decision.

### FIRST CAUSE OF ACTION

### AGAINST DEFENDANTS FOR

### FAILING TO PROTECT

36. Plaintiff re-alleges and incorporates herein by reference each and every allegation of paragraphs one (1) through (35).

37. The failure to protect plaintiff from a well known mentally ill inmate, including failing to keep plaintiff free from assault by the mentally ill person, at CSP-Sacramento-(EOP), which violated plaintiff right under the Eighth Amendment to the United States Constitution in that it constituted cruel and unusual punishment.

7.

1

## SECOND CAUSE OF ACTION

2

### AGAINST DEFENDANTS FOR

3

### FAILING TO PROVIDE SUPERVISION

4     38. Plaintiff re-alleges and corporates herein by reference

5 each and every allegation of paragraph (1) through (37).

6     39. Defendants Reyes, Williamson, and Does one through ten,

7 individually and concert with each other, have deprived plaintiff

8 of his constitional rights by failing to provide adequate

9 supervision of their Correctional Staff.

10

### PRAYER FOR RELIEF

11     Wherefore, plaintiff prays for the following relief against

12 defendants, both joinly and severally.

13     (A). Judgment against defendants for actual damages in the

14 amount of One million dollars to be proven at trial.

15     (B). Judgment against defendants for punitive damages to be

16 proven at trial.

17     (C). Judgment against defendants for the cost of this action

18 plus reasonable attorney's fees, as provided for by 42 U.S.C. §

19 1988.

20     (D). That this matter be tried by a jury.

21     (E). Such other and further relief to which plaintiff may be

22 entitled.

23

24

25

26

27

28

8.

1   I, the undersigned, say I am the plaintiff in this action. I

2   declare under penalty of perjury under the laws of the State of

3   California that the foregoing allegations and statements are

4   true and correct. Except as to matters that are stated on

5   information and belief, and as to those matters, I believe them

6   to be true.

7   Dated: *March 12, 2008*

8

9                                          Respectfully submitted,

10                                      BY: _____
                                            LAZARUS ORTEGA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.

**1**

ADMINISTRATIVE EXHAUSTION

**2**

**3**  1. Plaintiff filed a 602 Inmate Appeal Form initially at the
**4**  First level on November 29, 2006. First level Review was partially
**5**  Granted and returned to the Plaintiff on June 11, 2007.

**6**  2. Plaintiff was dissatisfied and excercised his right to Exhaust
Administrative remedies and appealed to the 2nd level of review
**7**  on July 12, 2007. 2nd level or review was partially granted and
**8**  returned to Plaintiff on August 8, 2007.

**9**  3. Plaintiff was dissatisfied and excercised his right to appeal
**10**  to 3rd level of Directors level of review in Sacramento the
**11**  final level of review before Plaintiff has met Prison Litigation
**12**  Reform Act (PLRA) section 1997(e) criteria. Plaintiff Filed for
for 3rd level review in Sacramento on August 16, 2007.
**13**  Plaintiff recieved final 3rd level Directors review on March
**14**  3, 2008 [check Exhibits(A) and (B)].

**15**  4. Plaintiff has met (PLRA) criteria to Exhaust All Administra-
**16**  tive remedies before filing 42.U.S.C. §1983 complaint. Plaintiff
**17**  humbly asks the court to Proceed and initiate complaint.

**18**

**19**  DATE: 3, 12, 2008                    LAZARUS D. ORTEGA
**20**                                          PLAINTIFF

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

10.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

**JAN 1 0 2008**

Date:

In re:     Lazarus Ortega, F23334
           California State Prison, Sacramento
           P.O. Box 29
           Represa, CA 95671

IAB Case No.: 0616874          Local Log No.: SAC-07-00656

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

I     **APPELLANT'S ARGUMENT:** It is the appellant's position that on November 8, 2006, the appellant was called out of his cell for his weekly interview with his case manager, Mr. Costa. The appellant states that he approached California State Prison - Sacramento (SAC) Correctional Officer (CO) Deason and asked if he could receive a cell move because of safety concerns and problems with the appellant's cellmate. CO Deason said he does not do cell moves on his Friday and to check with CO Hutchings for a cell move. It is contended that the appellant was informed by CO Hutchings that there were no vacant cells and it was not possible. The appellant claims that he informed the officer that cell 232 was open but the officer stated that the cell was out of order due to a plumbing problem. The appellant offered to move in while the cell was being repaired but CO Hutchings said that would not happen and the appellant would have to wait until there is an open cell available. The appellant then went to his interview and asked Mr. Costa for assistance but was again denied any type of assistance with a cell move. The next morning the appellant again saw CO Hutchings and asked to move to cell 205, which was open. CO Hutchings stated that the cell was not open due to some new arrivals from another yard. The appellant talked with Correctional Sergeant (Sgt.) M. Williamson and explained the appellant's problem with his cellmate and not feeling safe in that cell. Sgt. Williamson stated that he would try to move the appellant to a different housing block in Unit 7 and that the appellant would have to wait and there was nothing further that he could do. The appellant returned to his cell, sat on his toilet with his head down and heard, "Green wall bitch" and then passed out. The appellant states that he woke up in U. C. Davis Medical Emergency Unit and was told that he had been assaulted by the appellant's cellmate. The appellant requests compensatory damages from each defendant for a total of $5,000,000.00 and a Level III reduction status.

II    **SECOND LEVEL'S DECISION:** The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned SAC staff. The Second Level of Review (SLR) states that the appellant was interviewed on April 18, 2007, by Sgt. D. Barlesi regarding the appellant's appeal issues. The reviewer states that the appellant's appeal was granted in part at the First Level of Review (FLR), in that a thorough confidential appeal inquiry into the appellant's allegations was conducted by administrative staff. The appellant was advised that the appeal inquiry was completed; however, the appellant was not advised of the specific finding, as all staff complaint findings are confidential and would not be released to the appellant. On July 12, 2007, the appellant requested a SLR and reiterated his position that he was not satisfied with the results of the FLR and wanted to be compensated. The appellant did not provide any additional compelling information or facts to warrant modification of the FLR response. The appellant's appeal is granted in part at the SLR, as an inquiry into his allegations has been conducted. All staff personnel matters are confidential in nature and as such, results of any inquiry will not be shared with staff, members of the public or inmates. Although, the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Based upon the aforementioned information, the SLR granted in part the appeal.

LAZARUS ORTEGA, F23334
CASE NO. 0616874
PAGE 2

**III DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed California Code of Regulations, Title 15, Section (CCR) 3004, Rights and Respect of Others, CCR 3271, Responsibility of Employees, and CCR 3391, Employee Conduct. Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. The examiner contacted K. Morden, Office Technician, in the SAC Appeals Office on December 3, 2007, to request and obtain a copy of the finalized inquiry report. On December 5, 2007, the examiner received a faxed copy of the inquiry report containing the institution's decision and/or action taken regarding the appellant's complaint. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of the appellant's complaint. The appellant's request for monetary compensation will not be addressed since such requests are not within the scope of the inmate appeals process. The examiner finds that the appellant has failed to present any new documentation and/or evidence that would substantiate his claim; therefore, justification for intervention at the Director's Level of Review is not warranted.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8, 5058
CCR: 3001, 3004, 3084.1, 3270, 3271, 3278, 3391
CDC Operations Manual Section: 13030.10, 31140.14
Administrative Bulletin (AB) 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT
AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:  Warden, SAC
     Appeals Coordinator, SAC

# PROOF OF SERVICE

(C.C.P. §2015.5; 28 U.S.C. §1745

I, __LAZARUS ORTEGA, #F-F-23334__am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

> **CSP-SACRAMENTO**
>
> **LAZARUS ORTEGA, F-23334**
>
> **P.O. BOX 290066**
>
> **REPRESA, CALIFORNIA 95671-**
>
> **0066**

On, _____, _____, I served the following documents:

**PLAINTIFF'S COMPLAINT FOR DAMAGES UNDER [42 U.S.C. §§ 1983 AND**

**AND 1985(c). AND APPLICATION TO PROCEED IN FORMA PAUPERIS** on the

below named individuals by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1.**CLERK OF THE UNITED STATES**          2._____

**DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

**501 I STREET, ROOM 4-400**

**SACRAMENTO, CALIFORNIA**
**95814**

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, _____, at California State Prison at Sacramento, Represa, California.

(Signature)_____

Declarant