IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
LAZARUS ORTEGA,                )
                               )    CIV. NO. 2: 08-00588 SOM
          Plaintiff,           )
                               )    ORDER DENYING PLAINTIFF'S
     vs.                       )    MOTION FOR APPOINTMENT OF
                               )    COUNSEL
                               )
CSP-SAC PRISON OFFICIALS;      )
WALKER, REYES, WILLIAMSON      )
DEASON, HUTCHINGS, COSTA       )
                               )
          Defendants.          )
_____)
```

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

I.      INTRODUCTION.

Pro-se prisoner Plaintiff Lazarus Ortega asks this court to appoint counsel to help him with his case. The court denies Ortega's motion without prejudice, as Ortega has not presented any reason for appointment.

II.     BACKGROUND.

Lazarus Ortega is a prisoner proceeding pro se who says he was assaulted by his cellmate. The crux of his complaint is that prison officials, despite warnings from Ortega and knowing that Ortega's cellmate was dangerous, failed to protect Ortega from his cellmate. Ortega says that his cellmate assaulted him. Ortega seeks to hold Defendants, including the Warden and associate Warden, liable under § 1983.

Previously, this court screened Ortega's First Amended

Complaint and concluded that Ortega stated potentially viable claims against Defendants in their individual capacities.  <u>See</u> Screening Order, Doc. No. 11 (Feb. 17, 2009).

In March 2010, Reyes and Walker, the Warden and associate Warden, moved to dismiss Ortega's claims against them. Reyes and Walker argue that Ortega failed to exhaust administrative remedies before filing suit.  Additionally, they argue that Ortega fails to state a claim against them. Specifically, Ortega seeks to hold them liable for having failed to train or supervise other Defendants.  Reyes and Walker argue that Ortega has failed to allege facts stating a claim for a failure to train and supervise.

In April 2010, Ortega requested an extension of time to oppose the motion, saying that his limited access to the law library made it difficult for him to timely file an opposition. This court granted his motion, giving him until June 14, 2010, to file any opposition.  <u>See</u> Minute Order (May 3, 2010).  On June 1, 2010, this court received Ortega's motion for appointment of counsel, which Ortega dated April 25, 2010.

III.     <u>STANDARD OF REVIEW.</u>

A court has discretion to request counsel to represent an indigent civil litigant.  <u>See</u> 28 U.S.C. § 1915(e)(1).  A court may request counsel to represent an indigent litigant under § 1915(e)(1) only under "exceptional circumstances," taking into

account the "likelihood of success on the merits" and the "ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations and quotations omitted).

IV.     ANALYSIS.

The court first considers Ortega's likelihood of success on the merits. The court, in its screening order, found that Ortega states potentially viable claims against Defendants in their individual capacities. However, that ruling by no means demonstrates that Ortega is likely to win. Ortega still bears the burden of proving that Defendants violated his civil rights under § 1983, and at this early stage of the proceedings, it is not clear that Ortega is likely to succeed. Accordingly, this factor does not weigh in favor of appointment of counsel.

The court turns next to evaluating Ortega's ability to articulate his claims, and the complexity of the issues presented. Ortega articulates his thoughts and ideas clearly and succinctly. His complaint and motions are well written. Additionally, the legal issues, at the present stage of litigation, are not complex. Ortega alleges that officials failed to take proper action after he notified them that his cellmate was dangerous, and that, as a result, Ortega was injured. Defendants Reyes and Walker contend that Ortega failed

3

to exhaust administrative remedies and has failed to allege facts to support claims against them.  These issues are not novel or complex.  Accordingly, these factors weigh against an appointment of counsel.

Ortega's many reasons as to why he should be appointed counsel do not present an extraordinary circumstance.  He says that the case is complex because there are many Defendants.  While Ortega sues many Defendants, he sues them because they all are allegedly involved in the same event.  Having many Defendants in a case does not make the case complex.  Ortega also points to the need for expert testimony and discovery, to his jury trial demand, and to likely conflicts in the parties' testimony, saying these factors make counsel necessary.  However, each of these is a common part of nearly every case; they certainly are not extraordinary circumstances.  Ortega also says that his limited access to legal materials and lack of college education make it difficult for him to research the issues.  <u>Pro se</u> litigants are rarely in a position to research and investigate facts easily, but that does not make a case complex.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  Finally, although Ortega says that he has severe nerve damage that hinders his ability to read, he has so far been able to explain his position without counsel.

4

V.      CONCLUSION.

The court denies Ortega's motion for appointment of counsel.  The court reminds Ortega that his opposition to the motion to dismiss is still due by June 14, 2010.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii June 4, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ortega v. CSP-SAC Prison Officials et al, 08cv588; ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL