IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAZARUS ORTEGA, )<br>            )<br>    Plaintiff, )<br>            )<br>  vs.       )<br>            )<br>            )<br>            )<br>CSP-SAC PRISON OFFICIALS; )<br>WALKER, REYES, WILLIAMSON )<br>DEASON, HUTCHINGS, COSTA  )<br>            )<br>    Defendants. )<br>_____ ) | CIV. NO. 2: 08-00588 SOM<br><br>ORDER DIRECTING THE UNITED STATES MARSHAL TO SUBMIT EVIDENCE OF WAIVER OF SERVICE IF CONTINUING TO SEEK REIMBURSEMENT |

ORDER DIRECTING THE UNITED STATES MARSHAL TO SUBMIT EVIDENCE
OF WAIVER OF SERVICE IF CONTINUING TO SEEK REIMBURSEMENT

On November 16, 2009, the court ordered the United States Marshal to, within ten days of the date of the order, serve process upon Deason, Hutchings, Costa, Williams, Reyes, and Walker.  The Marshal was to attempt to secure a waiver of service by mailing each Defendant a waiver of service request.  If a waiver of service request was not returned, the Marshal was directed to effect personal service, and to file the return of service with evidence of the attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

One law firm represents all Defendants.  In January 2010, Walker, Reyes, Williamson, Deason, and Hutchings were mailed a waiver of service request.  While the U.S. Marshals Service had stated that Costa was also mailed a request, there is

no evidence that Costa received such a request.

Walker, Reyes, Williamson, Deason, and Hutchings timely submitted their waivers of service. Only Costa did not submit a waiver of service, allegedly because he had not received one.

In February 2010, Costa's attorney emailed an employee of the Marshals Service asking that a waiver of service request be sent to Costa. Costa's attorney says that she never received a response to her email.

In May 2010, a Deputy Marshal personally served Costa.

In June 2010, a Deputy Marshal filed a USM-285 form showing a total charge of $164.00 for effecting personal service on Costa. The Marshals Service requested reimbursement.

On June 23, 2010, this court directed Costa to reimburse the Marshals Service that amount unless Costa filed a written statement showing good cause for his failure to waive service. That same day, Costa filed objections to this court's order. Costa says that he never received a waiver of service request. Costa says that he had requested that service be effectuated by a waiver of service, to no avail. Because he lacked a waiver request, Costa says that he could not execute such waiver.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant located within the United

> States fails, without good cause, to sign and
> return a waiver requested by a plaintiff
> located within the United States, the court
> must impose on the defendant:
>
> > (A) the expenses later incurred in
> > making service; and
> >
> > (B) the reasonable expenses, including
> > attorney's fees, of any motion required
> > to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

If a plaintiff does not produce admissible evidence showing that the defendant refused a request to waive service, a court should deny a Rule 4(d)(2) motion seeking reimbursement. Royal Travel, Inc. v. Shell Mgmt. Hawaii, Inc., 2010 WL 167954, at *3 (D. Haw. Jan. 15, 2010), amended by Royal Travel, Inc. v. Shell Mgmt. Hawaii, Inc., 2010 WL 932007 (D. Haw. Mar. 8, 2010) (awarding expenses under Rule 4(d) after the plaintiff provided sufficient evidence of mailing waiver requests to defendants). Additionally, there is good cause for failing to waive service if the defendant never received the request for waiver of service. Id. (citations omitted).

While the USM-285 form states that the Marshals Service mailed a waiver of service request to Costa in January 2010, the Marshals Service did not submit actual evidence that Costa was mailed such a request. In light of Costa's attorney's statements to the contrary, this court finds that there may be good cause for Costa's failure to waive service, i.e., Costa may have not

received the waiver of service request.

Accordingly, this court directs the Marshals Service, within fourteen days from the date of this order, to submit evidence of the mailing of such waiver request if the Marshals Service continues to seek reimbursement for the fees associated with personal service. If the Marshals Service takes no action, this court's previous order directing Costa to pay service will be automatically rescinded, and Costa will not have to pay service costs.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii July 6, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ortega v. CSP-SAC Prison Officials et al, 08cv588; ORDER DIRECTING THE UNITED STATES MARSHAL TO SUBMIT EVIDENCE OF WAIVER OF SERVICE IF CONTINUING TO SEEK REIMBURSEMENT