IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LAZARUS ORTEGA,                    )
                                   )    CIV. NO. 2: 08-00588 SOM
        Plaintiff,                 )
                                   )    ORDER GRANTING IN PART
    vs.                            )    DEFENDANTS' MOTION TO DISMISS
                                   )
                                   )
CSP-SAC PRISON OFFICIALS;          )
WALKER, REYES, WILLIAMSON          )
DEASON, HUTCHINGS, COSTA           )
                                   )
        Defendants.                )
_____    )


ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

I.      INTRODUCTION.

        Pro se Plaintiff Lazarus Ortega says that his cellmate

attacked him while he was in his prison cell.  Ortega says that

prison officers, despite having been warned that Ortega's

cellmate was dangerous and knowing that Ortega sought to be

transferred, failed to take action.  Ortega claims that prison

officials were deliberately indifferent to his safety, and that

the Wardens improperly trained and supervised those prison

officials.  Defendant J. Walker, the Correctional Warden, and

Defendant M. Reyes, the Associate Warden, move to dismiss.  This

court grants their motion in part.[1]

_____

        [1]This court exercises its discretion to decide the motion
without a hearing.

II.     <u>BACKGROUND FACTS.</u>

Ortega says that he was housed with a mentally ill inmate, who had, on numerous occasions, threatened Ortega.  First Amend. Compl. ¶ 10.

Ortega says that, on November 8, 2006, he left his cell to meet with Costa, his case manager.  <u>Id.</u> ¶¶ 10-11.  On the way to his meeting, Ortega asked Deason, a Correctional Officer, if he could be moved to another cell because his cellmate had threatened to kill him.  <u>Id.</u> ¶¶ 12, 13.

Ortega says Deason responded that he did not do cell moves on Fridays (even though November 8, 2006 was a Wednesday), and that Ortega should talk to Hutchings, another Correctional Officer.  <u>Id.</u> ¶ 13.  Ortega went to Hutchings, explained his situation, and asked to be moved out of his cell.  <u>Id.</u> ¶¶ 14-15.  According to Ortega, Hutchings said that a cell move was impossible, as there were no vacant cells.  <u>Id.</u> ¶ 15.  When Ortega noted that there was one cell available, Hutchings responded that the cell had a plumbing problem.  <u>Id.</u> ¶ 15.

Ortega met with Costa and told Costa that he did not feel safe because of his cellmate.  <u>Id.</u> ¶ 17.  Costa responded that he lacked authority to take action.  <u>Id.</u>

Ortega says that, the next day, he again asked Hutchings to move him to a different cell.  <u>Id.</u> ¶ 18.  Ortega says that Hutchings "disregarded" his safety concerns and

"refused to act."  <u>Id.</u>  Ortega then asked Sergeant Williamson if
he could transfer cells.  <u>Id.</u> ¶ 19.  Ortega allegedly explained
to Williamson that he feared for his life.  <u>Id.</u> ¶ 20.  According
to Ortega, Williamson "disregarded [Ortega's] threatening
situation and refused to do anything about it."  <u>Id.</u> ¶ 21.

After Ortega returned to his cell, his cellmate
allegedly attacked him by slamming a television on his head.  <u>Id.</u>
¶ 23.  Ortega says he suffered severe injuries.  <u>Id.</u> ¶ 24.

Ortega filed suit in 2008.  He brings two § 1983
claims, arguing that Defendants failed to protect him, and that
the Wardens (Reyes and Walker) failed to properly train and
supervise the other Defendants.  Reyes and Walker move to
dismiss, arguing that Ortega has not exhausted administrative
remedies, and that he has not alleged sufficient facts to support
his second § 1983 claim.  This court gave Ortega until June 14,
2010, to file an opposition.  On June 1, 2010, Ortega filed a
motion for appointment of counsel.  This court denied the motion,
emphasizing that his opposition was still due by June 14, 2010.
Ortega has not filed any opposition.

III.    <u>STANDARD OF REVIEW.</u>

On a Rule 12(b)(6) motion to dismiss, all allegations
of material fact are taken as true and construed in the light
most favorable to the nonmoving party.  <u>Fed'n of African Am.</u>
<u>Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir.

3

1996).  However, conclusory allegations of law, unwarranted
deductions of fact, and unreasonable inferences are insufficient
to defeat a motion to dismiss.  <u>Sprewell v. Golden State
Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

To withstand a motion to dismiss, a plaintiff must
allege "enough facts to state a claim to relief that is plausible
on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570
(2007).  A claim has "facial plausibility" if the plaintiff
pleads facts that allow "the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1940 (2009).
Although on a motion to dismiss the court must accept all
well-pled factual allegations as true, "[t]hread-bare recitals of
the elements of a cause of action, supported by mere conclusory
statements, do not suffice." <u>Id.</u>  Nor must the court "accept as
true a legal conclusion couched as a factual allegation." <u>Id.</u>
(quotations omitted).

IV.     <u>ANALYSIS.</u>

Ortega brings two § 1983 claims, saying, first, that
all Defendants were deliberately indifferent to his requests for
protection, and second, that Reyes and Walker failed to properly
train and supervise prison staff.  Reyes and Walker respond that
Ortega failed to exhaust administrative remedies, and that Ortega
has failed to allege facts to support his failure to train and

supervise claim.  While Ortega properly exhausted administrative
remedies, this court agrees with Reyes and Walker that Ortega
fails to allege facts stating a § 1983 failure-to-supervise
claim.

> A.      Ortega Properly Exhausted Administrative
>         Remedies.

After Ortega's cellmate allegedly attacked him, Ortega
filed inmate appeals in accordance with the inmate grievance
system.  Walker and Reyes argue that because Ortega did not
mention them by name in those appeals, Ortega has failed to
exhaust administrative remedies.  This court disagrees.

While a failure to exhaust administrative remedies is
not a jurisdictional issue, a plaintiff must exhaust prison
administrative procedures to properly pursue a claim in court.
Jones v. Bock, 549 U.S. 199, 212-17 (2007); Wyatt v. Terhune, 315
F.3d 1108, 1117-19 (9th Cir. 2003).  Failure to exhaust is an
affirmative defense that a defendant must raise and prove.  Id.
In deciding a motion to dismiss for failure to exhaust, a court
may look beyond the pleadings and decide disputed issues of fact.
Terhune, 315 F.3d at 1119.

While a prisoner must have properly exhausted remedies,
proper exhaustion does not require a plaintiff to list all
potential defendants in those grievances.  Bock, 549 U.S. at 217.
Instead, a prisoner must complete the administrative review
process in accordance with procedural rules, defined by the

prison grievance process itself.  Woodford v. Ngo, 548 U.S. 81, 88 (2006).  Indeed, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Bock, 549 U.S. at 218.

Reyes and Walker concede that Ortega followed the grievance process, arguing only that Ortega's grievances lacked sufficient detail.  Reyes and Walker claim that Ortega failed to exhaust administrative remedies because his "inmate appeal neither mentions [Reyes and Walker] nor alleges the actions of [the other Defendants] were the result of inadequate training or supervision."  Motion at 6.  Defendants say that, because Ortega's appeals do not give notice that Ortega was complaining about training and supervision, Ortega failed to exhaust.  This court disagrees.

Ortega's appeals include a complaint that prison officials were improperly or incorrectly trained.  In his inmate appeals, Ortega complained that he repeatedly told prison officers that he was threatened, and that the officers did not take action.  Officers should be trained on how to respond to prisoner demands or requests.  By complaining about the lack of action, Ortega was complaining about the officer's training, or lack thereof.

In any event, a prisoner exhausts administrative remedies by following the procedural rules of the prison.  <u>Ngo</u>, 548 U.S. at 88.  Notably, Reyes and Walker mention no rule, probably because there is none, requiring a prisoner to name all potential defendants in his or her grievance.  On this motion to dismiss, it is Defendants' burden to prove a failure to exhaust. Defendants fail to meet their burden.

      B.          Ortega's Second Claim against Reyes and Walker is Dismissed For Failure to State a Claim.

Ortega claims that Walker and Reyes failed to adequately train and supervise the other Defendants.  Walker and Reyes argue that Ortega has not alleged facts supporting such a claim.  This court agrees.

A plaintiff may "establish *personal* liability in a § 1983 action simply by showing that the official acted under color of state law in deprivation of a federal right." <u>Romano v. Bible</u>, 169 F.3d 1182, 1185-86 (9th Cir. 1999).  A supervisor may be personally liable if he sets in motion a series of acts by others, or if he knowingly refuses to terminate a series of acts by others, which he knew or reasonably should have known would cause others to inflict injury.  <u>Motley v. Parks</u>, 432 F.3d 1072, 1081 (9th Cir. 2005); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991).  A supervisor may be liable for the supervisor's culpable action or inaction in training; for the

supervisor's acquiescence in the constitutional deprivations for which the complaint is made; or for the supervisor's reckless or callous indifference to the rights of others.  <u>Larez</u>, 946 F.2d at 646 (quotations omitted).

Ortega has not alleged any facts explaining how Walker and Reyes directly participated in the alleged injury.  Ortega does not allege that there is a policy or procedure of prohibiting transfer of prisoners when they claim they are in danger.  Ortega does not state that Reyes or Walker knew about Ortega's complaints.  In sum, Ortega's First Amended Complaint contains no allegations of conduct by Reyes or Walker that shows their action or inaction in training or supervision caused injury.  Instead, Ortega merely states that Walker and Reyes were supervisors and that they failed to properly train other prison officers.  First Amend. Compl. ¶ 32.  That is not enough.

V.        <u>CONCLUSION.</u>

This court grants Walker's and Reyes's motion to dismiss Ortega's second cause of action.  This court gives Ortega 30 days, until August 5, 2010, to file another amended complaint, if Ortega wishes to do so.  Any amended complaint must be a complete document in itself, and must not incorporate by reference any other complaint.  If Ortega fails to file an amended complaint by the deadline, this case will proceed against all Defendants on only the first cause of action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii July 6, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

<u>Ortega v. CSP-SAC Prison Officials et al</u>, 08cv588; ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS