IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAZARUS ORTEGA, | ) | 2: 08-CV-00588 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING REQUEST FOR |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION CORRECTIONAL OFFICER DEASON; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION CORRECTIONAL OFFICER HUTCHINGS; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION STAFF PSYCHOLOGIST COSTA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION LIEUTENANT WILLIAMS; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ASSOCIATE WARDEN REYES; and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION WARDEN WALKER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff Lazarus Ortega is a prisoner proceeding pro se. On June 6, 2008, Ortega filed the First Amended Complaint in this matter. Ortega asserts that Defendants failed to respond to his multiple requests to change cells because Ortega thought his cellmate was dangerous. Ortega alleges that Defendants did not move Ortega into a new cell. Ortega seeks to hold Defendants

liable under 42 U.S.C. § 1983 for the assault that he subsequently suffered at the hands of his cellmate.

On November 9, 2010, Ortega requested appointment of counsel, claiming to have a disability under the Americans with Disabilities Act and stating only that he has trouble reading, writing, and understanding the material in his case. That request is denied without prejudice.

> Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. Gerber v. Agyeman, 545 U.S. 1128, 125 S. Ct. 2941, 162 L. Ed.2d 867 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Ortega's appointment of counsel request does not provide this court with enough detail for the court to determine whether "exceptional circumstances" exist. Given the brevity of Ortega's request, this court cannot tell how severe his claimed disability is. Because the court cannot determine Ortega's

ability to "articulate his claims pro se in light of the complexity of the legal issues involved" in this case, his request for appointment of counsel is denied without prejudice. This means that Ortega may file another request for appointment of counsel that provides more detail as to the "exceptional circumstances" justifying appointment of counsel.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, November 29, 2010.



     /s/ Susan Oki Mollway
     Susan Oki Mollway
     United States District Judge

Ortega v. Deason, et al., 2: 08-CV-00588 SOM; ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL