IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARUS ORTEGA,<br><br>         Plaintiff,<br><br>   vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION CORRECTIONAL OFFICER DEASON; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION CORRECTIONAL OFFICER HUTCHINGS; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION STAFF PSYCHOLOGIST COSTA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION LIEUTENANT WILLIAMS; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ASSOCIATE WARDEN REYES; and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION WARDEN WALKER,<br><br>         Defendants. | 2: 08-CV-00588 SOM<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

<u>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL;
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER</u>

Plaintiff Lazarus Ortega is a prisoner proceeding <u>pro se</u>. Ortega asserts that he made multiple requests to change cells because his cellmate was dangerous, but Defendants failed to respond or move him to a new cell. Ortega seeks to hold Defendants liable under 42 U.S.C. § 1983 for the assault that he subsequently suffered at the hands of his cellmate.

This court has previously denied Ortega's request for appointment of counsel. On March 3, 2011, Ortega renewed that request.

> Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. Gerber v. Agyeman, 545 U.S. 1128, 125 S. Ct. 2941, 162 L. Ed.2d 867 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Ortega's appointment of counsel request does not demonstrate "exceptional circumstances." Although Ortega submits medical reports indicating various conditions, this court cannot tell how severe his conditions are or the extent to which those conditions impair his ability to litigate this case. The court notes that Ortega has demonstrated an ability to "articulate his claims pro se" in this relatively uncomplicated case. Ortega's request for appointment of counsel rests in large part on his being in administrative segregation, unable to use the law

library except for a few hours per week.  Ortega does not explain why he is in administrative segregation or how long he will likely be housed there.  Although Ortega's request for appointment of counsel is denied because he has failed on the record before this court to demonstrate "exceptional circumstances," he may renew that request on a different record.

Ortega also seeks a temporary restraining order that requires the prison to give him greater access to the law library.  That request is denied.  In Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008), the Supreme Court explained that a plaintiff seeking an injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 129 S. Ct. at 374.  The Ninth Circuit has recently examined Winter, concluding that Winter left room for applying what had been the Ninth Circuit's "serious questions" test.  Alliance for Wild Rockies v. Cottrell, __ F.3d __, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011) ("the 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in Winter").  Ortega fails to demonstrate any immediate irreparable injury, as he is only complaining that he needs to spend more time in the prison law library.  Under the

3

present circumstances and given the paucity of information in the record regarding Ortega's present administrative segregation, this court is reluctant to interfere with the day-to-day operations of the prison by requiring the prison to provide Ortega with additional time in the library.  Ortega may file a separate motion requesting a reasonable amount of additional time to comply with a specific deadline.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, March 16, 2011.


     /s/ Susan Oki Mollway
     Susan Oki Mollway
     United States District Judge



Ortega v. Deason, et al., 2: 08-CV-00588 SOM; ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER