```
                IN THE UNITED STATES DISTRICT COURT

             FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARUS ORTEGA,                  )    2: 08-CV-00588 SOM
                                 )
          Plaintiff,             )
                                 )    ORDER DENYING REQUEST FOR
     vs.                         )    APPOINTMENT OF COUNSEL
                                 )
CALIFORNIA DEPARTMENT OF         )
CORRECTIONS AND                  )
REHABILITATION CORRECTIONAL      )
OFFICER DEASON; CALIFORNIA       )
DEPARTMENT OF CORRECTIONS        )
AND REHABILITATION               )
CORRECTIONAL OFFICER             )
HUTCHINGS; CALIFORNIA            )
DEPARTMENT OF CORRECTIONS        )
AND REHABILITATION STAFF         )
PSYCHOLOGIST COSTA;              )
CALIFORNIA DEPARTMENT OF         )
CORRECTIONS AND                  )
REHABILITATION LIEUTENANT        )
WILLIAMS; CALIFORNIA             )
DEPARTMENT OF CORRECTIONS        )
AND REHABILITATION ASSOCIATE     )
WARDEN REYES; and CALIFORNIA     )
DEPARTMENT OF CORRECTIONS        )
AND REHABILITATION WARDEN        )
WALKER,                          )
                                 )
          Defendants.            )
_____ )
```

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff Lazarus Ortega is a prisoner proceeding pro se. Ortega asserts that he made multiple requests to change cells because his cellmate was dangerous, but Defendants failed to respond or move him to a new cell. Ortega seeks to hold Defendants liable under 42 U.S.C. § 1983 for the assault that he subsequently suffered at the hands of his cellmate.

This court has previously denied multiple requests by Ortega for appointment of counsel. On April 12, 2011, Ortega renewed his request for appointment of counsel.

> Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. Gerber v. Agyeman, 545 U.S. 1128, 125 S. Ct. 2941, 162 L. Ed.2d 867 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Ortega's appointment of counsel request does not demonstrate "exceptional circumstances." Ortega says that appointed counsel is necessary because, during March, he only received 2 hours and forty-five minutes of law library time, and because he has been in administrative segregation since December 2010. As this court has previously noted, Ortega does not explain why he is in administrative segregation or how long he will likely be housed there. He also fails to establish why his law library time is so insufficient that appointed counsel is

2

necessary in this relatively uncomplicated case.  For these reasons, and given his demonstrated ability to articulate his claims <u>pro se</u>, Ortega's request for appointment of counsel, ECF No. 59, is denied.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, April 22, 2011.



                                            <u>/s/ Susan Oki Mollway</u>
                                            Susan Oki Mollway
                                            United States District Judge

<u>Ortega v. Deason, et al.</u>, 2: 08-CV-00588 SOM; ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL