IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARUS ORTEGA,<br><br>        Plaintiff,<br><br>  vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION CORRECTIONAL OFFICIALS DEASON, HUTCHINGS, COSTA; WILLIAMSON, REYES; AND WALKER,<br><br>        Defendants. | 2: 08-CV-00588 SOM<br><br>ORDER DENYING MOTION TO COMPEL DISCOVERY |

ORDER DENYING MOTION TO COMPEL DISCOVERY

Plaintiff Lazarus Ortega, a prisoner proceeding pro se, filed a Motion to Compel Discovery, see ECF No. 52, arguing that Defendants failed to timely respond to his document production request and contending that Defendants failed to respond at all with respect to Requests for Production of Documents Nos. 1, 4, and 5. Ortega's motion is denied.

Discovery is generally governed by Rule 26 of the Federal Rules of Civil Procedure, which provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

As an initial matter, Ortega argues that Defendants untimely responded to his discovery request. He is mistaken. Ortega sent his discovery request on September 18, 2010. Pursuant to the court's September 29, 2010, Discovery and Scheduling Order, "Responses to written discovery requests shall be due forty-five days after the request is served." See ECF No. 40, ¶ 2. Defendants timely answered the discovery request on November 2, 2010, 45 days after Ortega sent the request.

Ortega next argues that Defendants entirely failed to respond to his Document Production Requests Nos. 1, 4, and 5. However, Defendants did respond to each of those requests. Although Defendants objected to the requests, arguing that they were overly broad, vague, and sought private, privileged, and work product information, Defendants provided documents in response to Document Production Requests Nos. 1 and 4. Ortega does not explain why he thinks the responses were insufficient or why the objections were improper, but instead makes the general assertion that he is entitled to the documents requested because the documents might be relevant. Relevancy alone is not sufficient to grant the motion here.

Ortega asks this court to rule on his motion in a vacuum. That is, the court has no record indicating what

2

documents may have been withheld.  With respect to Document Production Request No. 1, which seeks documents pertaining to the incident that injured Ortega, it appears that Defendants have produced all nonprivileged documents.  Accordingly, to the extent Ortega seeks to compel production of documents concerning his Document Production Request No. 1, the court denies Ortega's motion, given the absence of any discussion by him of what more he seeks and on what grounds.

     Document Production Request No. 4 seeks discovery of documents concerning cell movements of inmates.  Defendants noted that they no longer had the policy in effect in September 2006, but provided "the OP 131 which is no longer in effect and will produce the DOM section that is in effect."  Again, Ortega does not indicate what more he wants and on what grounds.  If he seeks records of the specific movements of specific inmates, he should explain way.

     Document Production Request No. 5 seeks the employee files of Defendants and asks for a privilege log of any document Defendants claim is privileged.  This request is overly broad, as it appears to seek all of the information in Defendants' employee files.  Because of the unrestricted scope of the request, it is overly burdensome; it almost certainly covers some irrelevant information.  Defendants cannot be faulted for not producing documents in response to this request.  <u>See</u> Fed. R. Civ. P.

26(b)(2)(C); Kabakow v. Am. Savings Bank, 152 F.3d 926 (9th Cir. 1998) (holding that district court did not abuse its discretion in denying a motion to compel production of documents when a request was overbroad, burdensome, and unlikely to lead to discovery of admissible evidence).

In Ortega's motion, he clarifies that, in Document Production Request No. 5, he is only seeking documents in Defendants' employee files pertaining to complaints made about Defendants.  In the interests of judicial economy, and because Ortega is proceeding pro se, the court orders Defendants to respond to this "clarified request" no later than June 27, 2011.  If any relevant, nonprivileged document exists, Defendants must produce the document subject to an appropriate protective order, produce a redacted version of the document, or, if a privilege is asserted such that a document is not being produced, provide Ortega with a privilege log.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 27, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Ortega v. Deason, et al., 2: 08-CV-00588 SOM; ORDER DENYING MOTION TO COMPEL DISCOVERY