IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARUS ORTEGA,

    Plaintiff,                        No. CIV S-08-0588 CKD P

  vs.

WILLIAMSON, et al.,

    Defendants.               FURTHER SCHEDULING ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants' motion for summary judgment has been resolved pursuant to order filed August 26, 2011. A settlement conference was held on October 11, 2011 but did not result in a settlement. This proceeding was referred to this Court by Local Rule 302 and 28 U.S.C. § 636(b)(1), and the parties have consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c)(1). Following a trial confirmation hearing on November 9, 2011, the court rules as follows:

I. <u>Motion to Dismiss Pursuant to Rule 41(b)</u>

        Pending is defendants' November 3, 2011 motion to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to file any pretrial documents by the October 17, 2011 deadline, despite receiving an extension of time to file his

1

pretrial conference statement, motions in limine, and jury instructions by that date. Nor has plaintiff responded to any of defendants' motions in limine. On November 4, 2011, this court ordered plaintiff to show cause why this action should not be dismissed pursuant to Rule 41(b).

At the November 9, 2011 trial confirmation hearing, plaintiff stated that he has been transferred three times in recent weeks and has not had access to his legal documents or property during that time. He stated that officials at High Desert State Prison took away his property during the week of October 11, 2011; that he was subsequently transferred to CSP-Solano and then to CSP-Sacramento on October 31, 2011, where he is currently in orientation proceedings and not due to receive his legal property until November 16, 2011 at the earliest. He stated that this is why he was unable to meet the October 17 deadline to file pretrial documents. Defense counsel countered that plaintiff has a history of missing filing deadlines in this case (e.g., he failed to file an opposition to defendants' motion for summary judgment), and argued that, as plaintiff was able to file a complaint in another case in mid-October, he similarly could have met the October 17 deadline in this action.

Defendants' point is well taken. However, given plaintiff's recent transfers and lack of access to his legal property, the court finds good cause to deny defendants' motion to dismiss pursuant to Rule 41(b). Plaintiff is strongly advised that the court expects him to comply with court-ordered deadlines to allow resolution of this action, pending since March 2008.

II. Trial Date

As plaintiff has not yet filed a pretrial statement and is not currently in possession of his legal materials for the reasons described above, the court has vacated the November 30, 2011 trial date and will reset this matter for trial on February 13, 2012. Trial is expected to last three days.

III. Plaintiff's Pretrial Statement, Motions to Obtain Witnesses, and Motions in Limine

Defendants timely filed their pretrial statement on October 17, 2011. (Dkt. No. 92.) Plaintiff will be required to file a pretrial statement on or before December 16, 2011. To aid

plaintiff in the preparation of this statement, the court has attached a pretrial statement template to this order.

In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses. The procedures to obtain attendance of witnesses are set forth in detail in the Discovery and Scheduling Order issued September 22, 2010 (Dkt. No. 40), a copy of which defense counsel has agreed to provide to plaintiff as part of a packet of case materials. Plaintiff is advised that failure to comply with these procedures will result in the preclusion of any and all witnesses named in his pretrial statement.

Plaintiff's motions to obtain attendance of any incarcerated witnesses will be due no later than December 16, 2011. Plaintiff's deadline for filing motions in limine and/or responses to defendants' pending motions in limine are also due by December 16, 2011. Should plaintiff wish to submit proposed jury instructions, those are also due by December 16, 2011. Defendants may also file additional papers on or before December 16, 2011. The court will not grant any further extensions of this deadline.

IV. <u>Defendants' Witness Thomas Smith</u>

On October 17, 2011, defendants filed a motion for attendance of incarcerated witness Thomas Smith, who is housed at CSP-Los Angeles. (Dkt. No. 91.) Defendants assert that Mr. Smith will not agree to testify voluntarily because is concerned he will lose his job if he is required to be away from it for trial. From the motion and attached declaration, Smith's testimony appears relevant. At the trial confirmation hearing, the parties agreed that, rather than jeopardize Mr. Smith's job by requiring his attendance at trial, defense counsel will take a trial deposition of Mr. Smith and arrange for plaintiff to cross-examine him via teleconference at CSP-Sacramento. Accordingly, the court will deny as moot defendants' motion for Mr. Smith's attendance at trial.

Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS AS FOLLOWS:

1. Discovery is closed.

2. Law and motion is closed.

3. Defendants' November 3, 2011 motion to dismiss (Dkt. No. 97) is denied without prejudice to renewal if circumstances so warrant;

4. Defendants' October 17, 2011 motion for attendance of incarcerated witness at trial (Dkt. No. 91) is denied as moot;

5. Plaintiff shall file and serve his pretrial statement, any motions necessary to obtain the attendance of witnesses, any motions in limine or responses to defendants' motions in limine, and any proposed jury instructions on or before December 16, 2011.  Defendants may also file additional papers on or before that date.  Plaintiff is advised that failure to timely file a pretrial statement will result in dismissal of this action.

6. A final trial confirmation hearing is set in this case for 10:00 a.m. on January 4, 2012, before the magistrate judge.  The hearing will be conducted via telephonic conferencing.  The court will resolve all pending motions in limine at that conference.

7. This matter is set for jury trial before the Honorable Carolyn K. Delaney on February 13, 2012 at 9:00 a.m. in Courtroom 26.

Dated: November 10, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
orte0588.41sjd

**Pretrial Statement Template**

JURISDICTION/VENUE

JURY/NON-JURY

UNDISPUTED FACTS

DISPUTED FACTUAL ISSUES

DISPUTED EVIDENTIARY ISSUES

SPECIAL FACTUAL INFORMATION

RELIEF SOUGHT

POINTS OF LAW

ABANDONED ISSUES

WITNESSES

EXHIBITS, SCHEDULES AND SUMMARIES

DISCOVERY DOCUMENTS

FURTHER DISCOVERY OR MOTIONS

STIPULATIONS

AMENDMENTS/DISMISSALS

SETTLEMENT NEGOTIATIONS

AGREED STATEMENTS

SEPARATE TRIAL OF ISSUES

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

ATTORNEYS' FEES

TRIAL DATE

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS