1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAZARUS ORTEGA,

11          Plaintiff,                      No. CIV S-08-0588 CKD P

12     vs.

13   WILLIAMSON, et al.,

14          Defendants.             FURTHER SCHEDULING ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  Defendants' motion for summary judgment has been

18   resolved pursuant to order filed August 26, 2011.  A settlement conference was held on October

19   11, 2011 but did not result in a settlement.  This proceeding was referred to this Court by Local

20   Rule 302 and 28 U.S.C. § 636(b)(1), and the parties have consented to the magistrate judge's

21   jurisdiction under 28 U.S.C. § 636(c)(1).  Following a trial confirmation hearing on November 9,

22   2011, the court rules as follows:

23   I.  Motion to Dismiss Pursuant to Rule 41(b)

24          Pending is defendants' November 3, 2011 motion to dismiss this action pursuant

25   to Rule 41(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to file any pretrial

26   documents by the October 17, 2011 deadline, despite receiving an extension of time to file his

1  pretrial conference statement, motions in limine, and jury instructions by that date.  Nor has

2  plaintiff responded to any of defendants' motions in limine.  On November 4, 2011, this court

3  ordered plaintiff to show cause why this action should not be dismissed pursuant to Rule 41(b).

4         At the November 9, 2011 trial confirmation hearing, plaintiff stated that he has

5  been transferred three times in recent weeks and has not had access to his legal documents or

6  property during that time.  He stated that officials at High Desert State Prison took away his

7  property during the week of October 11, 2011; that he was subsequently transferred to CSP-

8  Solano and then to CSP-Sacramento on October 31, 2011, where he is currently in orientation

9  proceedings and not due to receive his legal property until November 16, 2011 at the earliest.  He

10 stated that this is why he was unable to meet the October 17 deadline to file pretrial documents.

11 Defense counsel countered that plaintiff has a history of missing filing deadlines in this case

12 (e.g., he failed to file an opposition to defendants' motion for summary judgment), and argued

13 that, as plaintiff was able to file a complaint in another case in mid-October,  he similarly could

14 have met the October 17 deadline in this action.

15        Defendants' point is well taken.  However, given plaintiff's recent transfers and

16 lack of access to his legal property, the court finds good cause to deny defendants' motion to

17 dismiss pursuant to Rule 41(b).  Plaintiff is strongly advised that the court expects him to comply

18 with court-ordered deadlines to allow resolution of this action, pending since March 2008.

19 II.  Trial Date

20        As plaintiff has not yet filed a pretrial statement and is not currently in possession

21 of his legal materials for the reasons described above, the court has vacated the November 30,

22 2011 trial date and will reset this matter for trial on February 13, 2012.  Trial is expected to last

23 three days.

24 III.  Plaintiff's Pretrial Statement, Motions to Obtain Witnesses, and Motions in Limine

25       Defendants timely filed their pretrial statement on October 17, 2011.  (Dkt. No.

26 92.)  Plaintiff will be required to file a pretrial statement on or before December 16, 2011.  To aid

1  plaintiff in the preparation of this statement, the court has attached a pretrial statement template

2  to this order.

3         In addition to the matters already required to be addressed in the pretrial statement

4  in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in

5  his pretrial statement in order to obtain the attendance of witnesses.  The procedures to obtain

6  attendance of witnesses are set forth in detail in the Discovery and Scheduling Order issued

7  September 22, 2010 (Dkt. No. 40), a copy of which defense counsel has agreed to provide to

8  plaintiff as part of a packet of case materials.  Plaintiff is advised that failure to comply with

9  these procedures will result in the preclusion of any and all witnesses named in his pretrial

10  statement.

11         Plaintiff's motions to obtain attendance of any incarcerated witnesses will be due

12  no later than December 16, 2011.  Plaintiff's deadline for filing motions in limine and/or

13  responses to defendants' pending motions in limine are also due by December 16, 2011.  Should

14  plaintiff wish to submit proposed jury instructions, those are also due by December 16, 2011.

15  Defendants may also file additional papers on or before December 16, 2011.  The court will not

16  grant any further extensions of this deadline.

17  IV.  Defendants' Witness Thomas Smith

18         On October 17, 2011, defendants filed a motion for attendance of incarcerated

19  witness Thomas Smith, who is housed at CSP-Los Angeles.  (Dkt. No. 91.)  Defendants assert

20  that Mr. Smith will not agree to testify voluntarily because is concerned he will lose his job if he

21  is required to be away from it for trial.  From the motion and attached declaration, Smith's

22  testimony appears relevant.  At the trial confirmation hearing, the parties agreed that, rather than

23  jeopardize Mr. Smith's job by requiring his attendance at trial, defense counsel will take a trial

24  deposition of Mr. Smith and arrange for plaintiff to cross-examine him via teleconference at

25  CSP-Sacramento.  Accordingly, the court will deny as moot defendants' motion for Mr. Smith's

26  attendance at trial.

1    Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS

2  AS FOLLOWS:

3    1.  Discovery is closed.

4    2.  Law and motion is closed.

5    3.  Defendants' November 3, 2011 motion to dismiss (Dkt. No. 97) is denied

6  without prejudice to renewal if circumstances so warrant;

7    4.  Defendants' October 17, 2011 motion for attendance of incarcerated witness at

8  trial (Dkt. No. 91) is denied as moot;

9    5.  Plaintiff shall file and serve his pretrial statement, any motions necessary to

10  obtain the attendance of witnesses, any motions in limine or responses to defendants' motions in

11  limine, and any proposed jury instructions on or before December 16, 2011.  Defendants may

12  also file additional papers on or before that date.  Plaintiff is advised that failure to timely file a

13  pretrial statement will result in dismissal of this action.

14    6.  A final trial confirmation hearing is set in this case for 10:00 a.m. on January

15  4, 2012, before the magistrate judge.  The hearing will be conducted via telephonic conferencing.

16  The court will resolve all pending motions in limine at that conference.

17    7.  This matter is set for jury trial before the Honorable Carolyn K. Delaney on

18  February 13, 2012 at 9:00 a.m. in Courtroom 26.

19   Dated: November 10, 2011

20

21  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

22

23
   2
24  orte0588.41sjd

25

26

4

1                           **Pretrial Statement Template**

2     JURISDICTION/VENUE

3     JURY/NON-JURY

4     UNDISPUTED FACTS

5     DISPUTED FACTUAL ISSUES

6     DISPUTED EVIDENTIARY ISSUES

7      SPECIAL FACTUAL INFORMATION

8     RELIEF SOUGHT

9     POINTS OF LAW

10    ABANDONED ISSUES

11    WITNESSES

12    EXHIBITS, SCHEDULES AND SUMMARIES

13    DISCOVERY DOCUMENTS

14    FURTHER DISCOVERY OR MOTIONS

15    STIPULATIONS

16    AMENDMENTS/DISMISSALS

17    SETTLEMENT NEGOTIATIONS

18    AGREED STATEMENTS

19    SEPARATE TRIAL OF ISSUES

20    IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

21    ATTORNEYS' FEES

22    TRIAL DATE

23    PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

24

25

26