IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARUS ORTEGA,

    Plaintiff,                      No. CIV S-08-0588 CKD P

    vs.

WILLIAMSON, et al.,                SUPPLEMENTAL

    Defendants.               PRETRIAL ORDER

_____/

Following a January 4, 2012 trial confirmation hearing at which plaintiff appeared telephonically on his own behalf and attorney Kathleen J. Williams appeared telephonically on defendants' behalf, the court supplements its December 20, 2011 pretrial order with the following findings and orders:

MOTIONS IN LIMINE

    1. Defendants' August 29, 2011 motion to exclude witnesses not previously disclosed (Dkt. No. 78) is denied. As defendants did not disclose this potential witness until after the close of discovery, plaintiff may call as a witness Officer Lloyd Wallace, CSP-Sacramento, pursuant to the subpoena procedures set forth in the Discovery and Scheduling Order issued September 22, 2010.

    2. Defendants' August 29, 2011 motion to exclude reference to any source of possible judgment (Dkt. No. 79) is granted.

1

3. Defendants' October 17, 2011 motion to bifurcate punitive damages (Dkt. No. 88) is granted.[1]

4. Defendant's October 17, 2011 motion to preclude Lonzell Green from testifying about matters unrelated to plaintiff's case and his opinions regarding custodial staff (Dkt. No. 89) is granted.

5. Plaintiff's December 13, 2011 motion to exclude reference to (a) plaintiff's conviction offense or (b) any specifics of plaintiff's mental health (Dkt. No. 114 at 10-11), is held in abeyance. As to part (a), plaintiff may renew his motion to exclude reference to his conviction offense at trial if circumstances so warrant.[2] As to part (b), the court will address which if any mental health records may be admitted at the February 10, 2012 final trial confirmation hearing, following the parties' exchange and submission of medical and/or mental health records they wish to introduce at trial.

PRETRIAL DEADLINES

1. Defendants' counsel will promptly send plaintiff a replacement set of the medical and mental health records produced earlier in discovery, as plaintiff asserts that officials at High Desert State Prison confiscated these records and they are no longer in his possession.

2. On or before January 24, 2012, the parties shall both exchange and file with the court Bates-stamped copies of those medical and mental health records they intend to introduce at trial.

3. On or before February 3, 2012, pursuant to the pretrial order (Dkt. No. 116 at 6), the parties shall file any objections to proposed exhibits. Defendants shall also file a brief

---

[1] Defendants' counsel has also requested that liability and damages be bifurcated, on the theory that certain medical and mental health records are relevant only to damages. The court will take up this issue at the February 10, 2012 final trial confirmation hearing when it rules on the admissibility of specified mental health records.

[2] Defendants' counsel indicated at the January 4, 2012 trial confirmation hearing that she did not intend to raise the issue of plaintiff's conviction offense unless plaintiff "opened the door" to this issue.

addressing why the medical and mental health records they seek to introduce should not be excluded pursuant to plaintiff's pending motion in limine.  The parties may also submit any stipulations and/or proposed voir dire questions by this date.

   3.  On February 10, 2012 at 10:00 a.m, the court will hold a final trial confirmation hearing via teleconference to address plaintiff's pending motion in limine concerning the admission of mental health records, along with any pending objections to exhibits.  The court will also issue a final set of jury instructions.

TRIAL PROCEDURES

   1.  Trial is expected to last no more than four days, including any bifurcated trial on the issue of punitive damages.  The punitive damages phase of trial will proceed immediately following any determination of liability.

   2.  Eight jurors will be selected.

   3.  After the court's voir dire, the court may permit brief voir dire by plaintiff and defense counsel, but the court reserves the right to limit the length of such questioning.

   4.  Challenges for cause will be made in writing.

   5.  Each side will have three peremptory challenges, to be made verbally.  A pass will be treated as a challenge.

   6.  Evidence is to be pre-marked before commencement of each session of the trial.

   7.  Speaking objections and side bars will not be allowed.  If necessary, the parties may make a record while the jury is on break.

   8.  Unless there is a stipulation, counsel must move exhibits into evidence before attempting to publish them to the jury.[3]

\\\\\

---

[3] At the January 4, 2012 hearing, the parties stipulated that Bates-stamped copies of medical and mental health records may be introduced into evidence rather than the originals.

9. The questioning of witnesses and presentation of opening statements and closing arguments will be done from counsel table.

IT IS SO ORDERED.

Dated: January 4, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
orte0588.pto_2